19,590-04

April 20, 2015

Abel Acosta, Clerk
Court of Criminal Appeals
Post Office Box 12308, Capitol Station
Austin, TX 78711-2308

Ref: Ex parte Moncier, WRIT NO. WR-19-590-04

Sub: Filing of Pleadings

Dear Mr. Acosta:

Please Find enclosed herewith the original copies of my —

1)  MOTION FOR TOLLING OF THE RULES

2)  "OBJECTIONS" TO NON-SERVICE OF TRIAL COURT'S "RECOMMENDATION"

3)  TRAVERSE TO RESPONSE TO SUBSEQUENT HABEAS APPLICATION

Please File the same in the Papers of the aforesaid WRIT.

Please Forward the same to the Court's Attention.

Please Note my MOTION FOR TOLLING, as I have NO way to Serve you with other "originals" of my said Pleadings.

Thank you.

Sincerely yours,

Daniel Dewayne Moncier
#388080       Allred Unit
2101 FM 369 N
Iowa Park, TX  76367-6568

Postscript:

Please also Find enclosed herewith the original copy of my CERTIFICATE OF SERVICE to the Collin County district Attorney's Office:  I Apologize for forgetting to Enter that hereonabove.

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 27 2015
Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS

at Austin, Texas

| EX PARTE | § | HABEAS CORPUS CASE |
| | | NO. WR-19,590-04 |
| | § | |
| DANIEL DEWAYNE MONCIER, | § | |
| | § | |
| | | TRIAL COURT CASE |
| APPLICANT. | § | NO. W199-092R-84-HC4 |

APPLICANT'S "OBJECTIONS"
TO NON-SERVICE BY TRIAL COURT'S CLERK'S
NON-SERVICE OF JUDGE'S RECOMMENDATION
IN TRIAL COURT HABEAS "HEARING"
UPON APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGES OF THE SAID COURT:

COMES NOW Daniel Dewayne Moncier, Applicant for the Writ of Habeas Corpus, pro se, in the above-Styled and numbered Habeas Action, who Presents this Instrument as his "OBJECTIONS" upon the NON-SERVICE OF THE TRIAL JUDGE'S RECOMMENDATION/ETC. in the Action below upon Applicant's APPLICATION FOR WRIT OF HABEAS CORPUS, Moves this Honorable Court to ORDER the said Court Clerk to SERVE him a copy of such RECOMMENDATION/ETC., and Shows this Court as follows:

I

1.    When Applicant first Forwarded his APPLICATION FOR WRIT OF HABEAS CORPUS to the Clerk of the Trial Court, THAT CLERK "lost" his said Application.

2.    Upon Applicant's Letter of Inquiry, that Clerk Responded by Informing him that his APPLICATION could NOT be Found, and Gave him a separate Name (Moncica) FOR HER SEARCH FOR THE APPLICATION.

3. Subsequently, Applicant Wrote to the Trial Judge and Requested that she ORDER the Clerk to Search for his APPLICATION: that Clerk Made NO Response to his Request/the Judge's ORDER/ETC.

4. However, on February 24, 2015, the Collin County, Texas, District Attorney's Office Mailed Applicant a copy of its RESPONSE TO SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS.

5. Thereafter, on March 31, 2015, THIS COURT'S Clerk Mailed Applicant a Postcard, Advising him that his APPLICATION was FILED OF RECORD on March 26, 2015.

II

6. Since Rebruary 24, 2015, Applicant has Received NO Correspondence from the Trial Court's Clerk.

7. In particular, she has NOT SERVED Applicant with a copy of the Trial Judge's Recommendaqtion/ORDER, NOR has she/anyone else Informed him of WHAT WAS DECIDED at the Trial Court Level upon his said APPLICATION.

III

8. Accordingly, Applicant "OBJECTS" to his NOT Being Served with or otherwise Being Notified of that Decision/Recommendation.

9. WHEREFORE, ALL PREMISES CONSIDERED, Applicant PRAYS that this Honorable Court will ORDER that he BE so SERVED/Notified of her said Decision/ORDER/Recommendation.

10. SIGNED on this the 20th Day of April, 2015.

Respectfully submitted,

Daniel Dewayne Moncier
#388080      Allred Unit
2101 FM 369 N
Iowa Park, TX  76367-6568

"Objections" to Non-Service of Trial Court's "Recommendation"

IN THE COURT OF CRIMINAL APPEALS

at Austin, Texas

EX PARTE                        §            HABEAS CORPUS CASE
                                             NO. WR-19,590-04
                                §

DANIEL DEWAYNE MONCIER,          §

                                §

APPLICANT.                       §            TRIAL COURT CASE
                                             NO. W199-092R-84-HC4


APPLICANT'S TRAVERSE
OF THE DISTRICT ATTORNEY'S
RESPONSE TO SUBSEQUENT APPLICATION

TO THE HONORABLE JUDGES OF THE SAID COURT:

COMES NOW Daniel Dewayne Moncier, Applicant for the Writ of Habeas Corpus, pro se, in the above-Styled and numbered Habeas Action, who Presents this Instrument as his TRAVERSE OF THE STATE'S RESPONSE TO SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS, and Moves this Honorable Court to REVIEW his said TRAVERSE and GRANT him Relief thereupon, and Shows this Court the following:

I

1.   On December 8, 2014, Applicant Forwarded his APPLICATION FOR WRIT OF HABEAS CORPUS to the Clerk of Collin County, Texas.

2.   On January 21, 2015, after Receiving that Clerk's Notification that she could NOT Find his said APPLICATION, AND Gave him the Search Name of Daniel Dewayne MONCICA, Applicant Forwarded his COMPLAINT and MOTION FOR EQUITABLE RELIEF to the Presiding Judge of the Convicting Court:  neither that Judge nor the Clerk of Collin County, Texas, Responded to THAT Pleading.

Page 1

Traverse of Response to Subsequent Habeas Application

3. However, on February 24, 2015, the Collin County District Attorney's Office Mailed Applicant a copy of its/the State's RESPONSE TO SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS.

4. Essentially, that Office/the State is Arguing that Applicant SHOULD HAVE BEEN ABLE to Present ALL of the "new"/new ISSUES of THIS said APPLICATION in his 1999 APPLICATION FOR WRIT OF HABEAS CORPUS.

5. That Office/the State also Noted that Applicant has Filed subsequent APPLICATIONS in 1995 and again in 1999: unfortunately, he has no Memory of Filing such APPLICATIONS; furthermore, he has NO copies of ANY of the APPLICATIONS he is said to have FILEd, although his FIRST such APPLICATION is NOT Relevant here, anyway.

6. Despite the Language of Article 11.07(3)(b), Texas Code of Criminal Procedure, NO ACTUAL WRIT OF HABEAS CORPUS, see Articles 11.01 and 11.02 of that Code, WAS ISSUED BY THE TRIAL COURT, AS RETURNABLE TO THIS COURT, which Fact is Proven by the simply Point that Applicant was NOT Returned to Collin County for a Hearing upon his present APPLICATION for THAT Writ.

7. HAD he been so Returned to Collin County upon a WRIT OF HABEAS CORPUS (an ORDER of the Trial Court to PRODUCE Applicant's Body in that Court for a Hearing upon his APPLICATION), he would have HAD the full Opportunity to Open AND CLOSE his Arguments in that Hearing per Article 11.49 of that Code: i.e., he would have had the Opportunity to ORALLY TRAVERSE the District Attorney's/the State's said Argument(s) against THIS said APPLICATION.

Traverse of Response to Subsequent Habeas Application

8. Consequently, Applicant Relies upon his Right to ANSWER any Opponent's/Part y's defensive Pleadings, as Protected by the Due Process of Law and Equal Protection of the Law Clauses of the U. S. Constitution and the Constitution of the State of Texas.

## IV. BRIEF STATEMENT IN TRAVERSE

9. NOT Knowing of his said second and third APPLICATIONS, neither Applicant nor his Legal Assistant, John Rod Thomas, Raised any Arguments/Presented any Facts to Support WHY several Issues of his present APPLICATION could NOT have been Raised in those prior said APPLICATIONS.

10. Now the DA's Office/the State Stated in its RESPONSE, at 2, at ¶ 5, that NO Court may Consider the Merits of or GRANT Relief upon a subsequent APPLICATION unless Sufficient, specific Facts are Set forth which Establish that the current Claims/Issues have not been/COULD NOT HAVE BEEN previously Presented in the original or a previously considered APPLICATION.

11. Then, that Office/the State Went on to State, at 3, that the FACTUAL BASIS OF A CLAIM IS UNAVAILABLE IF THAT BASIS WAS NOT ASCERTAINABLE THROUGH THE EXERCISE OF REASONABLE DILIGENCE on or before a previous APPLICATION was Filed, AND it/the State further Stated, id., that the LEGAL BASIS OF A CLAIM IS UNAVAILABLE IF THE LEGAL BASIS HAS NOT BEEN RECOGNIZED BY/COULD NOT HAVE BEEN REASON- ABLY FORMULATED FROM A FINAL DECISION of certain Courts on or be- fore such previous APPLICATION was Filed.

12. Then, that Office/the State Went on to State, id., the current Claims/Issues COULD all have been Raised in Applicant's 1999 APPLICATION, AND they should therefore be DISMISSED.

13.    In TRAVERSE of the DA's Office/the State's Position, Applicant Points Out that this Court has HELD, numerous Times, that a VOID Sentence MAY BE CHALLENGED at ANY Time, in ANY Court.

14.    Essentially Speaking, Applicant's FIRST ISSUE Concerns a VOID Sentence, Regardless of the "language" Involved therewith.

15.    In TRAVERSE of the said Position, Applicant Points Out that WHEREAS the State of Texas/its Prison System was ORDERED to Provide its Prisoners with an ADEQUATE Law Library OR Legal Assistance, THEN, AND ONLY THEN, Could the said Position be Said to Hold "some" Merit:  WHERE, AS HERE, THE STATE'S PRISON SYSTEM HAS STRIPPED ITS LAW LIBRARY SHELVES OF ALL PERTINENT LEGAL BOOKS/MATERIALS AND REFUSES TO PROVIDE LEGAL ASSISTANCE OR MORE THAN ONE SHEPARD'S CITATION AT A TIME (ALL of which the Allred Unit Law Library Staff IS GUILTY of), the District Attorney/his Office and the State CAN NOT STAND upon the Point that Applicant SHOULD HAVE EXERCISED REASONABLE DILIGENCE, because THE PRISON SYSTEM HAS MADE IT IMPOSSIBLE FOR "LEGALLY ILLITERATE" PRISONERS, SUCH AS APPLICANT, TO, IN ANY WAY, EXERCISE ANY DILIGENCE AT ALL.

16.    In other Words, Prisoners such as Applicant MUST RELY on the Legal Knowledge and Expertise of so-called "Jailhouse Lawyers" to KNOW about the NEED for DUE DILIGENCE, and BE ABLE TO AFFORD him the DUE OPPORTUNITY to EXERCISE that Diligence WHEN IT IS POSSIBLE for him to be TOLD, and therefore KNOW/"KNOW" (just because a Prisoner has been TOLD Legal Principles/Arguments DOES NOT MEAN that HE COMPREHENDS/UNDERSTANDS the same:  essentially, such Prisoners must FIRST Find fellow Prisoners WHO ARE SUFFICIENTLY KNOWEDGEABLE AND PROFICIENT "AT THE LAW" SO AS TO BE ABLE TO ADEQUATELY EXPLAIN

Traverse of Response to Subsequent Habeas Application

WHAT THE PRISONER'S LEGAL CLAIMS ARE, AND WHAT HE CAN/CAN NOT DO ABOUT HIS UNDERLYING GRIEVANCES.

17. Here, Applicant Lucked-put and Found THE ONE Prisoner who KNOWS THE LAW, and Could Put Together Applicant's current APPLICATION, and SET FORTH his ISSUE NUMBER ONE, which, as Said, is Essentially a Challenge to a VOID Sentence.

18. In TRAVERSE of the said Position, Applicant Points Out that as Concerns his second and third ISSUES, THEY, too, HAVE THE SAME Underlying Reality as Set forth hereinabove at ¶¶ 16 and 17.

19. As he has NO Remembrance of Filing the said 1995 and 1999 APPLICATIONS, as ALLEGED by the DA's Office/the State, Applicant IS without the Ability to Say whether or not his ISSUES FIVE and SIX SHOULD HAVE BEEN PRIORLY RAISED, or May now be Prosecuted to their Conclusions: he so Says, because he has NO Paperwork that Pertains to such "prior" APPLICATIONS, so he has NO WAY TO KNOW what he SHOULD/SHOULD NOT have Raised in THIS APLICATION.

V. TRAVERSE

20. IT WAS IMPOSSIBLE FOR APPLICANT — or ANY other Prisoner — TO HAVE DILIGENTLY ASCERTAINED the Existence of the Underlying Premise of his FIRST ISSUE, because ONLY a "Jailhouse Lawyer" who READ, and who later UNDERSTOOD, House Bill No. 2335, the "TDCJ" Act of 1989, could EVER eventually PERCEIVE that WHEN THE TEXAS LEGISLATURE OF 1989 ENACTED H.B. No. 2335, after Telling the People of Texas that THEY WERE VALIDLY TRANSFERRING THE CUSTODY OF TDC INMATES TO THE NEW TDCJ, THOSE LEGISLATORS COMMITTED A FATAL ERROR: THEY DID NOT SO TRANSFER THE CUSTODY OF TDC INMATES TO THE TDCJ — consequently, ALL TDC PRISONERS ARE ENTITLED TO RELEASE/COMPENSATON!

21.    No, GENERAL Prisoners such as Applicant HAD NO INKLING OR SUSPICION THAT AS TDC PRISONERS, THEIR CUSTODY THEREIN HAD NOT BEEN VALIDLY TRANSFERRED TO THE TDCJ:  after all, THE LEGISLATORS SAID that such Custody HAD BEEN SO TRANSFERRED.

22.    Therefore, IT WAS IMPOSSIBLE for ANY Prisoner, EXCEPT a "Jailhouse Lawyer", to have EXERCISED reasonable Due Diligence in Finding Out that the Premises Set forth in his FIRST ISSUE Exists; and it was Applicant's Good Fortune to  have his Legal Assistant, John Rod Thomas, Move into his Dorm just over a Year ago, AND his Good Fortune to have a Friend Point Thomas Out as a "Jailhouse Lawyer" ("Writ Writer", per Prison Colloquialism) who could PROBABLY Help him Out about his Legal Questions/Issues (Imagine his Surprise when their Discussion of those Problems Turned to WHEN he was Convicted (1984) and Thomas Informed him that it was now Possible (he had, some 12- 18 Months priorly, Received a written "Print Out" of certain Language of H.B. No. 2335 which SHOWED that THE ONLY POSSIBILITY FOR TDC PRISONERS HAVING BEEN "TRANSFERRED" TO TDCJ CUSTODY was the Provision thereof which Stated that ALL PROPERTY OF THE TDC was TRANSFERRED TO THE TEXAS BOARD OF CRIMINAL JUSTICE — an Entity who has NO AUTHORITY to then "Transfer" such "TDC Custody" to the "TDCJ"), to SUE for False Imprisonment, thanks to the Opinion of Huang v. Johnson, 251 F.3d 65, 74 (2nd Cir. 2001), citing Spencer v. Kemra, 523 U.S. 1, 118 S.Ct. 978 (1998), beginning September 1, 1989, BUT as it was an ISSUE OF FIRST IMPRESSION, having NEVER been Raised, priorly, he OUGHT to first Submit that ISSUE here, in this Court, so as to Allow this Court to properly REVIEW the Matter, AND to Allow his to EXHAUST his sole remaining available State REMEDY.

23. Quite simply, Applicant's FIRST THREE ISSUES are FIRST IMPRESSION "Grounds of Error", having NEVER been Raised before, AND NOT Being Raisable before, so his so-called 1995 and 1999 prior APPLICATIONS, BOTH of which, even THIS APPLICATION, WERE FILED AFTER September 1, 1989, A DATE UPON WHICH APPLICANT'S SENTENCE OF RECORD WAS VOIDED, through NO Fault of his own, BY ACT OF THE TEXAS LEGISLATURE, a Matter which this Court surely Needs to Consider and Give its Opinion upon the same (not that Thomas Expects any Resolution other than what he Set forth in the currect APPLICATION at Bar).

24. ONLY a "Jailhouse Lawyer" who has Observed and Follows this/other Court Rules of Judicial Construction could have Found the Premises which underlie Applicant's FIRST THREE ISSUES; so far, Thomas is the only one who has so Followed those Precepts, as Demonstrated by his able Discussion of the same in Applicant's Supporting MEMORANDUM, as well as here, IF Briefly.

25. In the End Result, there are other Prisoners who Want Thomas to Prepare for Filing the same ISSUE as Applicant's FIRST ISSUE of THIS Habeas Proceeding; however, he is extremely Ill, as he Suffers from Ischemic Heart Disease (his Heart Beats too slowly, Causing Deprivation of Oxygen to his Heart and Brain), and ALL-RED UNIT MEDICAL PERSONNEL, as Joseph Michael Eastridge and Nefertiti Weaver-Borton, NP-Cs, are REFUSING to Prescribe him the appropriate Hypotension/etc. Medication for his Heart Condition, thereby CONSPIRING against him.

26. Therefore, the District Attorney's Office's/the State's Position that Applicant SHOULD HAVE FILED/SHOULD HAVE BEEN ABLE TO the First Impression Issues, which may all essentially be Raised

herein at ANY Time (just as VOID Sentences may likewise be Raised), is Shown to be utterly Ill-founded, and MOOT — particularly as Concerns Applicant's FIRST ISSUE.

### Note

As Stated in ISSUES TWO and THREE, the Premises thereof, though quite Correct and Unimpeachable, Pale in the Light of his FIRST ISSUE, as Applicant's obvious False Imprisonment duly MOOTS the Premises of those latter ISSUES, as HE SHOULD NOT HAVE BEEN INCARCERATED after September 1, 1989, SO HE SHOULD NOT HAVE BEEN PAROLED OR SUBJECTED TO LOSSES OF GOOD TIME.

27. As the State can NOT Challenge its own Laws, a Legal Precedent Laid down by this Court, IT WAS TO BE ASSUMED that the Legislature had PROPERLY Transferred the Custody of TDC Inmates to the TDCJ: WHO COULD HAVE ANTICIPATED that in the Legislature's Assumption that Inmates ARE THE PROPERTY OF THE STATE, their FAILED Attempt to Transfer those Inmates' Custody WOULD END IN VOIDING THEIR SENTENCES OF RECORD — NOBODY! (So, WHO COULD HAVE ANTICIPATED that HE HAD A "DUTY" TO DILIGENTLY INQUIRE INTO WHETHER OR NOT HIS CUSTODY WAS NOT SO LAWFULLY TRANSFERRED, or THAT HIS SENTENCE WAS VOID after August 31, 1989, WHEN THE LEGISLATORS of the 1989 Texas Legislature HAD ASSURED THE PEOPLE OF TEXAS that THEY HAD LAWFULLY SO TRANSFERRED THE CUSTODY OF TDC PRISONERS TO THE NEW TDCJ — NOBODY!

28. Therefore, the District Attorney Office's/the State said Position that APPLICANT SHOULD ALREADY HAD EXERCISED REASONABLE DILIGENCE in DISCOVERING THE UNDISCOVERABLE (except by a Diligent Prisone/"Jailhouse Lawyer" who KNOWS and USES Judicial Interpretation Precepts) is UNTENABLE, ILL-FOUND, and MOOT.

Traverse of Response to Subsequent Application

## VI.   TRAVERSE OF FACTUAL/LEGAL BASES

29.   THE FACTUAL BASIS of Applicant's FIRST ISSUE/CLAIM is that HIS SENTENCE OF RECORD WAS RENDERED VOID, through no Fault of his own, BY INTERVENING LAW (just as Intervening Law can DECREASE the Range of Punishment Attached to a Penal Statute, or just as the 1987 ¼-Law Decreased the Time TO Parole (just as the Attorney General of Texas Stated in an "unpublished" AG Opinion)), AND, therefore, HE HAS BEEN FALSELY IMPRISONED since on and after September 1, 1989, and is Entitled to instanter Release from his said "Custody"!

30.   That is to Say, as Based upon the foregoing Arguments/-Presentments, at ¶¶ 9-28, at 3-8, THE FACTUAL BASIS OF HIS CLAIM/-FIRST ISSUE, WAS UNAVAILABLE prior to the Filing of this current APPLICATION, because THE BASES WERE NOT COMMON KNOWLEDGE and, therefore, WERE NOT ASCERTAINABLE THROUGH ANY EXERCISE OF DUE DILIGENCE.

31.   THE LEGAL BASIS of Applicant's FIRST ISSUE/CLAIM is that where HIS SENTENCE OF RECORD WAS SO RENDERED VOID, and IS VOID, BY INTERVENING LAW, then the Question is whether or not SOME JUDICIAL DECISION Recognizes OR Reasonably Formulates the Recognition that his SENTENCE IS VOID AS A MATTER OF LAW:  well, 1) H.B. No. 2335, Acts 1989, if Implicitly, and sub silentio, ACTED to VOID his Sentence of Record because HE IS NOT THE PROPERTY OF THE STATE, as HELD by the U. S. Supreme Court, and Unimpeachable, therefore, AND HE WAS NOT, in Actuality, SUBJECT TO HAVING HIS TDC CUSTODY TRANSFERRED TO THE new TDCJ, OR the TBCJ, in the first Place; 2) the Opinions of Huang v. Johnson, 251 F.3d 65, 74 (2nd Cir. 2001), and Spencer v. Kemra, 523 U.S. 1, 118 S.Ct. 978 (1998)(cited by Huang) HOLD, then that a Prisoner MAY SUE for False Imprisonment where his Sent-

Traverse of Response to Subsequent Habeas Application

is NO LONGER OPERATIVE, where it has been Completed, OR where it has been Rendered VOID by Intervening Circumstances.

32. That is to Say, as Based upon the foregoing Arguments/-Presentments, at 3-8, at ¶¶ 9-28, THE LEGAL BASIS of Applicant's CLAIM/FIRST ISSUE, IS AVAILABLE BECAUSE THE LEGAL BASIS COULD HAVE BEEN REASONABLY FORMULATED BY A FINAL DECISION of this Court — IF THAT LEGAL BASIS HAD EVER BEEN SUBMITTED TO THIS COURT BEFORE, and THAT COULD ONLY BE A POSSIBILITY if other "Jailhouse Lawyers" had ever Figured the Basis Out by Using this Court's Rules of Judicial Interpretation and Application!: i.e., SUCH WAS NOT COMMON KNOW-LEDGE, so, therefore, WAS NOT ASCERTAINABLE THROUGH DUE DILIGENCE.

33. The Factual/Legal Bases of Applicant's ISSUES TWO AND THREE have exactly the same Premise as Argued/Presented above, at 3-10, ¶¶ 9-32, so the same are hereby Incorporated by Reference, Adopted, and re-Averred as though originally appearing hereat.

34. CONSEQUENTLY, Applicant's FIRST THREE ISSUES/CLAIMS WERE NOT AVAILABLE PRIOR TO THE FILING OF THIS APPLICATION, NOR COULD BE SO AVAILABLE, BECAUSE Applicant COULD NOT KNOW of them/OTHERS could not Know of them because HE/THEY HAD NOT YET TALKED TO LEGAL ASSISTANT John Rod Thomas prior to 15 Months or so ago — certainly, NO ATTORNEY OR JUDGE, who are usually the ones to Raise such First Impression Issues/Claim, has Raised the Bases for these IS-SUES/CLAIMS in any (un)published Brief/Opinion!; therefore, the DA's Office's/the State's RESPONSE TO SUBSEQUENT APPLICATION SHOULD BE DISMISSED, as MOOT; accordingly, Applicant's current APPLICATION should be fully considered, with the Factual and Legal Bases fully Reviewed, and and he should be instantly Re-leased from Custody.

## Side Bar Commentary

35. Although Applicant can not See how it could come to pass, but THERE IS THE ISSUE that this Court may, after all, DEEM the Bases underlying his said ISSUES/CLAIMS TO BE UNAVAILABLE, here, because they WERE ASCERTAINABLE THROUGH THE EXERCISE OF REASONABLE DILIGENCE, Meaning DISMISSAL of this current APPLICATION.

36. Should such Circumstances come to pass, or this Court Choose not to Consider/Review the APPLICATION at Bar, the Applicant HAS Exhausted the sole State Remedy Available, and he may directly RAISE the same in a proper Federal Court, as Based upon Huang and Spencer, supra.

### VII

37. WHEREFORE, ALL EXPRESS AND IMPLIED PREMISES CONSIDERED, Applicant PRAYS that this Honorable Court will Review and Consider his said APPLICATION, MEMORANDUM IN SUPPORT, and this TRAVERSE OF THE STATE'S RESPONSE TO HIS SUBSEQUENT HABEAS APPLICATION, and will GRANT him RELIEF thereupon by Instructing the Texas Department of Criminal Justice to instantly RELEASE him from his "Custody".

38. Additionally, he PRAYS that this Honorablke Court will GRANT him such other and further RELIEF to which he is Entitled.

### VIII

39. I, Daniel Dewayne Moncier, under penalty of perjury, Do hereby Confirm that my foregoing Averments/Statements are TRUE and CORRECT, and freely and voluntarily Made. Cf. 28 U.S.C. § 1746.

40. EXECUTED on this the _20th_ Day of April, 2015.

Respectfully submitted
unto the Judges of the
Judges of the said Court,

Daniel Dewayne Moncier
#388080       Allred Unit
2101 FM 369 N
Iowa Park, TX   76367-6568

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | AFFIDAVIT |
| COUNTY OF WICHITA | § | |

BE IT KNOWN UNTO ALL MEN BY THESE PRESENTS:   That —

I, Daniel Dewayne Moncier, Being of sound Mind and fully Capable of Making this Affidavit, and Being personally Acquainted with that Facts Set for herein, Do hereby solemnly Say and Depose:

It was approximately January 1, 2014, when I first Spoke to my Legal Assistant, John Rod Thomas, about beginning Work on my current (Filed December 2014) APPLICATION FOR WRIT OF HABEAS CORPUS.

It was then that I first Heard of the Possibility that my Sentence TO THE TX DEPARTMENT OF CORRECTIONS might be VOID, as Rendered so by Act of the Texas Legislature in 1989, effective September 1, 1989, because that Entity DID NOT VALIDLY TRANSFER MY CUSTODY — nor COULD HAVE VALIDLY TRANSFERRED IT — TO THE "CUSTODY" OF the new TX DEPARTMENT OF CRIMINAL JUSTICE.

Likewise, it was also then that I Learned that my two Paroles and the Taking of my Good Time Credits (prior to September 1, 1995) were also Challengeable, as NOT actually by the Law of Texas.

The Filing of my said APPLICATION was Delayed because of Thomas' work load for other Inmates, and finally by his INCREASING Illness.

I further Aver that the TDCJ Allred Unit Law Library has been Stripped of ALL of the pertinent Law Books/Materials/Citations that I/OTHERS would NEED to even begin to Find the governing Information that Thomas has Put together for me in my APPLICATION.

I Believe that no other "Jailhouse Lawyer" has Stumbled across the Bases/Facts underlying my APPLICATIONS Issues/claims, because of the "Destruction" of the said Legal Materials/etc.

I Confirm under penalty of perjury that my foregoing Averments are True and Correct.   Cf. 28 U.S.C. § 1746.

Daniel Dewayne Moncier

Traverse to Response to Subsequent Habeas Application

IN THE COURT OF CRIMINAL APPEALS

at Austin, Texas

EX PARTE § HABEAS CORPUS CASE
NO. WR-19-590-04

§

DANIEL DEWAYNE MONCIER, §

§

TRIAL COURT CASE
APPLICANT. §. NO. W199-092R-84-HC4

## CERTIFICATE OF SERVICE

I, Daniel Dewayne Moncier, Do hereby Certify that I have Forwarded a copy of my foregoing Pleadings (MOTION FOR TOLLING, "OBJECTIONS", and TRAVERSE TO RESPONSE) to the State's Attorney, Mr. John R. Rolater, Jr., Assistant Criminal District Attorney, Chief of the Appellate Division, Collin County District Attorney's Office, 2100 Bloomdale Road, Suite 200, McKinney, TX 75071, by U. S. Mail, first class postage prepaid, on this the _20th_ Day of April, 2015/

Daniel Dewayne Moncier